UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OGEINA MCINTOSH, #239363,

        Plaintiff,

                                       CASE NO. 14-CV-11327
v.                                  HONORABLE ARTHUR J. TARNOW

CAMP BRIGHTON,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

The Court has before it Plaintiff Ogeina McIntosh's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. She has been granted leave to proceed without prepayment of the filing fee for this civil rights action. *See* 28 U.S.C. § 1915(a). In her complaint, Plaintiff asserts that she was subject to contaminated drinking water while confined at the Camp Brighton Correctional Facility. She names Camp Brighton as the sole defendant in this action. She asks the Court to resolve the case as soon as possible, but does not request any specific relief.

For the reasons stated herein, the Court summarily dismisses the complaint and concludes that an appeal cannot be taken in good faith.

## II.     Discussion

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).   The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."   Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.    Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In her complaint, Plaintiff names the Camp Brighton Correctional Facility as the sole defendant in this action.  That prison facility, however, is an institution operated by the Michigan Department of Corrections and is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983.  *See Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *Webber v. Standish Maximum Prison*, No. 2:06-CV-11921, 2006 WL 1284610, *2 (E.D. Mich. May 10, 2006) (same); *accord Murray v. Ohio Dep't of Corrections*, No. 1-14-cv-168, 2014 WL 1382401, *3 (S.D. Ohio April 8, 2014); *Solomon v. Clark*, No. 1:13-cv-470, 2013 WL 552222, *7 n. 6 (W.D. Mich. Oct. 6, 2013).  Plaintiff has thus failed to state a claim upon which relief may be

granted against the only defendant identified in her complaint. Her complaint must therefore be dismissed.[1]

## III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against the named defendant. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint against Camp Brighton. This dismissal is without prejudice to Plaintiff filing a new complaint against a properly named defendant. Any such new complaint must comply with the afore-mentioned federal pleading standards. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 21, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 21, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] The Court also notes that Plaintiff's complaint is conclusory. Plaintiff fails to set forth any specifics, such as the dates of her incarceration at Camp Brighton, why she believes the drinking water was contaminated, any injuries she may have suffered, or a request for particular relief. Conclusory allegations are insufficient to state a civil rights claim under 42 U.S.C. § 1983. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.